IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEE A. JENKINS, on behalf of himself and all others similarly situated;<br><br>      Plaintiff,<br><br>  vs.<br><br>CHRISTOPHER E. PECH and PECH, HUGHES, & MCDONALD, P.C.,<br><br>      Defendants. | **8:14CV41**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on the defendants' motion to dismiss under Fed. R. Civ. P. 12(h)(3), Filing No. 23. This is a putative class action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), and the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 et seq. (NCPA). This court has jurisdiction under 28 U.S.C. § 1331.

  In her complaint, the plaintiff alleges that the defendants sent her a misleading collection letter, in violation of 15 U.S.C. § 1692e(3), 1692e(10), 1692e(14), and 1692g(a) and Neb. Rev. Stat. § 59-1602. She seeks a judgment in her favor, and in favor of the class she seeks to represent, for damages, injunctive relief, costs and reasonable attorney fees and "such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609." Filing No. 6, Amended Complaint at 11. She also alleges that the defendants' violations of the Nebraska Consumer Protection Act "cause financial injury to the Plaintiff and the Class" and involve a matter of public interest. *Id.*

  On April 2, 2014, plaintiff filed a Motion for Class Certification and to Stay Briefing. Filing No. 15. She requested the court stay briefing on the class certification

issue until completion of discovery or other appropriate date, explaining that the plaintiff filed the motion "at this early stage in the litigation out of an abundance of caution, given recent opinions, that have held that an offer of full individual relief to a named class representative prior to the filing of a motion for class certification may moot the class representative's claims, thus depriving the court of subject matter jurisdiction." Filing No. 16, Plaintiff's Brief at 3. The court later granted the motion, holding the motion for class certification in abeyance. Filing No. 21, Order. The court also set a deadline for the defendants' anticipated motion to dismiss. *Id.*

In their motion to dismiss for lack of jurisdiction, the defendants argue the plaintiff's claims are moot by reason of an offer of judgment under Fed. R. Civ. P. 68 that ostensibly offered the plaintiff all of the relief she seeks. Consequently, they argue the court lacks jurisdiction since there is no longer a case or controversy before the court. The defendants also argue that the court lacks subject matter jurisdiction over the putative class because the plaintiff is not an adequate class representative.

In support of their motion, the defendants submit the declaration of Tomio B. Narita ("Narita Decl."), which shows the defendants offered to allow judgments to be entered against them in the amount of $4,001.00, together with "injunctive and declaratory relief solely with respect to the plaintiff's individual FDCPA and NCPA claims," plus reasonable attorneys' fees and costs incurred by plaintiff, in an amount to be determined by the court if the parties were unable to agree. *See* Filing No. 23, Motion, Attachment 2, Declaration of Tomio B. Narita ("Narita Decl."), Exhibit 1, Offer of Judgment at 1 (CM/ECF Doc # 23-2, Page ID # 134). Specifically, the defendants offered:

to allow judgment to be taken against them as to the individual claims asserted by the plaintiff Lee A. Jenkins ("Jenkins") as follows:

> Judgment for Jenkins for the sum of Four Thousand and One Dollars ($4,001.00), injunctive and declaratory relief as prayed for in the complaint solely with respect to Plaintiffs individual claims, plus reasonable attorneys' fees and costs incurred by Plaintiff in connection with this action through the date of acceptance of this Offer of Judgment in an amount to be agreed to by counsel, or failing agreement, in an amount to be determined by the Court. This Offer of Judgment is inclusive of all damages, costs, and attorneys' fees as to all claims asserted in the action by Jenkins in his individual capacity against Defendants.

*Id.* The Offer of Judgment further provided that "this offer shall be deemed withdrawn if it is not accepted within fourteen days of the service hereof." *Id.* Plaintiff did not accept the Offer. *See id.*, Narita Decl. at 1.

I. LAW

A motion to dismiss for lack of matter jurisdiction may be brought at any time pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *see also Bueford v. Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993); *see Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992) ("The distinction between a Rule 12(h)(3) and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.").[1] A Rule 12(h)(3) motion to dismiss is evaluated under the same standards as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.*; *Miller v. Ataractic Inv. Co.*, LLC, 2012 WL 2862883, *1 (W.D. Mo. July 11, 2012).

---

[1] *See Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F. 2d 874, 880 n.3 ("The distinction between a Rule 12(h)(3) and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.").

3

A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637, n.4 (8th Cir. 2003). For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction." *Id*. In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.* In such a challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990). The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id*. A dismissal based on lack of subject matter jurisdiction will not be granted lightly. *Wheeler v. St. Louis S.W. Ry.*, 90 F.3d 327, 329 (8th Cir. 1996).

"Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). The threshold question in every federal case is the plaintiff's standing to sue. *Id.* Without standing, the court lacks subject matter jurisdiction to hear the suit. The "case or controversy" limitation requires a party who invokes the jurisdiction of the federal courts to "demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome" of the case." *Genesis Healthcare Corp. v. Symczyk*, — U.S. —,

4

133 S. Ct. 1523, 1528 (2013) (quoting *Camreta* v. Greene, — U.S. —, 131 S. Ct. 2020, 2028 (2011) (involving a collective action under the Fair Labor Standards Act).[2] If, after filing a complaint, the claimant loses a personal stake in the action—making it "impossible for the court to grant any effectual relief whatever," the case must be dismissed as moot. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

"Congress enacted the FDCPA in 1977 to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (internal citation omitted); *see also* 15 U.S.C. § 1692(e). Under the FDCPA, individual plaintiffs may seek actual damages, statutory damages of up to $1,000, and costs and fees. 15 U.S.C. § 1692k(a). In class actions, named plaintiffs may seek the same relief as individuals. *Id.* Unnamed class members may "share in an award not to exceed the lesser of $500,000 or one percent of the defendant's net worth." 15 U.S.C. § 1692k(a)(2)(B)(ii).

A person injured in violation of the NCPA may maintain a private right of action to enjoin further violations and to recover his actual damages. Neb. Rev. Stat. § 59-1609; *Nelson v. Lusterstone Surfacing Co.*, 605 N.W.2d 136, 141 (Neb. 2000). However, to

---

[2] *Genesis*, however, involved whether a collective action under the FLSA remained justiciable after the individual plaintiff's claim had been fully satisfied and no other claimants had opted in to the collective action. See *Genesis,* 133 S. Ct. at 1528-29 (stating that "[i]n the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action."). However, the Supreme Court expressly distinguished Rule 23 class action cases, stating that "Rule 23 actions are fundamentally different from collective actions under the FLSA" and were "by their own terms, inapplicable to these facts." *Id.* at 1529. Thus, the *Genesis* case is inapposite to the present Rule 23 class action complaint. See *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, No. 12-cv-2066, 2013 WL 3771397, at *2 (D. Minn. July 18, 2013) (finding *Genesis* inapplicable to a Rule 23 class action complaint under the Telephone Consumer Protection Act).

be actionable under the NCPA, the unfair or deceptive act or practice must have an impact on the public interest. *Id.* at 141. The NCPA provides that under the Nebraska Consumer Protection Act, any person who is injured in his or her business or property by a violation of the Act

> may bring a civil action in the district court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount which bears a reasonable relation to the actual damages which have been sustained and which damages are not susceptible of measurement by ordinary pecuniary standards; except that such increased award for violation of section 59-1602 shall not exceed one thousand dollars.

Neb. Rev. Stat. § 59-1609. A collection agency's allegedly improper debt collection practices have been held to have an impact on the public interest, as required to be actionable under the Nebraska Consumer Protection Act (NCPA). *Hage v. General Serv. Bureau,* 306 F. Supp. 2d 883, 889 (D. Neb. 2003).

"The point of Rule 68 is twofold: (1) to provide a process for making offers of judgment and for accepting or denying them, Fed. R. Civ. P. 68(a)–(c), and (2) to create an incentive for taking offers of judgment seriously by providing that, '[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.'" *Hrivnak v. NCO Portfolio Mgmt., Inc.,* 719 F.3d 564, 567 (6th Cir. 2013) (quoting Fed. R. Civ. P. 68(d)). To effectuate the purposes of Rule 68, an offer of judgment must specify a definite sum or other relief for which judgment may be entered and must be unconditional. *See* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3002, p. 92 (2d ed.1997). This is because the plaintiff must know unequivocally what is being offered in order to be responsible for refusing such offer.

*Simmons v. United Mortg. and Loan Inv., LLC,* 634 F.3d 754, 764 (4th Cir. 2011); see *Basha v. Mitsubishi Motor Credit of Am. Inc.*, 336 F.3d 451, 455 (5th Cir. 2003) (stating that Rule 68 offers must provide a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer).

To moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff everything he has asked for as an individual. *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 949 (8th Cir. 2012) (stating "'Judgment should be entered against a putative class representative on a defendant's offer of payment . . . where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit.'") (quoting *Alpern* v. *UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir.1996)). "That means his 'entire demand.'" *Hrivnak,* 719 F.3d at 567 (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009)); see also *Zinni v. E.R. Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) ("[o]ffers for the full relief requested have been found to moot a claim."); *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) ("[o]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate."). An offer limited to the relief the defendant believes is appropriate does not suffice. *Hrivnak*, 719 F.3d at 567.

The Eighth Circuit Court of Appeals ("Eighth Circuit") has not ruled squarely on the issue of whether the tender and rejection of an offer of judgment prior to a request for class certification will render a class action suit moot, although it has dismissed

individual cases as moot after denying class action status. *See, e.g., Hartis,* 694 F.3d at 949; *Alpern,* 84 F.3d at 1539 (expressing concern with protecting "a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims"); *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) (stating as a general rule that "a federal court should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class"). The Eighth Circuit has reasoned that allowing class action defendants to "pick off" plaintiffs with settlement offers prior to obtaining an affirmative ruling on class certification "'obviously would frustrate the objectives of class actions' and 'would invite waste of judicial resources.'" *Potter*, 329 F.3d at 612 (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980)). In addition, the Eighth Circuit recognizes that settlement offers do not automatically entitle defendants to judgment—"[j]udgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit." *Alpern*, 84 F.3d at 1539 (8th Cir.1996) (rejecting the argument in a securities class action, that offer of payment was proper basis upon which to deny relief based on Fed. R. Civ. P. 60(a)).[3]

---

[3] The majority of district courts in this Circuit that have addressed the issue reject the mootness argument in the class action context. *See, e.g., March v. Medicredit, Inc.,* No. 4:13CV1210, 2013 WL 6265070*, *3-*4 (E. D. Mo. Dec. 4, 2013); *Sandusky Wellness Ctr., LLC v. Medtox Scientific*, No. 12-cv-2066, 2013 WL 3771397, *2 (D. Minn. July 18, 2013), *2 (finding that the offer of judgment failed to provide class-wide relief and thus did not moot the putative class action); *Mertz v. Lindell Bank & Trust Co.*, No. 4:10CV2098, 2012 WL 1080824, *1 (E.D. Mo. March 30, 2012) ("Because the offer of judgment here did not extend to the putative class representatives, and because the offer was made before plaintiff could reasonably have been expected to file a motion for class certification, the offer, in this instance failed to render plaintiff's case moot."); *Lamberson v. Financial Crimes Servs.*, LLC, No. 11–cv-98, 2011 WL 1990450, at *2 (D. Minn. April 13, 2011) (noting that "the sound rationale behind these cases is that Defendant should not be able to use offers of judgment to thwart class actions"); *Jenkins v. General*

Other courts are divided on the issue. *See Genesis Healthcare Corp.,* 133 S. Ct. at 1528–29 & n.3 (citing cases, noting conflict and declining to resolve it); *compare McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) (rejecting the argument that an unaccepted offer of settlement for the full amount of damages owed "moots" a case such that the case should be dismissed for lack of jurisdiction if the plaintiff desires to continue the action, but holding the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer); *Cabala v. Crawley*, 736 F.3d 226 (2d Cir. 2013) (stating only after such a disposition is the controversy resolved such that the court lacks further jurisdiction); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 372 (4th Cir. 2012) (stating that defendants' Rule 68 offer of judgment did not moot the plaintiff's action, but if plaintiff would have made a specific demand for actual damages and the defendants offered that amount or more, the offer of judgment would have mooted plaintiff's claim); *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."); *with Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004) ("Absent undue delay in filing a motion for class certification, . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting

---

*Collection Co.*, 246 F.R.D. 600, 602–03 (D. Neb. 2007) (affirming magistrate judge's order striking Rule 68 offer of judgment because the offer did not moot possible class relief unless there was undue delay in filing the motion for class certification); *Liles v. Am. Corrective Counseling Servs., Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001) (stating that the Eighth Circuit would likely not allow a defendant to pay off the named plaintiff to preemptively force dismissal of the putative class action); *but see, Goans Acquisition, Inc. v. Merchant Solutions, LLC*, No. 12-cv-539, 2013 WL 5408460, *6 (W.D. Mo. Sept. 26, 2013) (adopting the reasoning of Seventh Circuit in *Damasco,* 662 F.3d at 896, to find that plaintiff's alleged TCPA claim became moot before plaintiff moved for class certification).

possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint."); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1084 (9th Cir. 2011) (holding that a rejected offer of judgment for full amount of a putative class representative's individual claim under the FLSA made prior to the filing of a motion for class certification does not moot the class action complaint); *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 952–55 (9th Cir. 2013) (noting conflicting views in other circuits, holding that "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot," and leaving open whether, as this court held in *McCauley*, a court may in such circumstances enter a judgment for plaintiff and terminate the litigation); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011) ("a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."); *see also Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. at 1533 (Kagan, J., dissenting) (stating that view that an unaccepted settlement offer moots a case "is wrong, wrong, and wrong again"); *Payne v. Progressive Fin. Servs, Inc.*, 748 F.3d 605, 607 (5th Cir. 2014) (holding an incomplete offer of judgment—that is, one that does not offer to meet the plaintiff's full demand for relief—does not render the plaintiff's claims moot); *Hrivnak*, 719 F.3d at 567–68 ("When a defendant does not offer the full relief requested, the plaintiff maintains a personal stake in the outcome of the action, the court is capable of granting effectual relief outside the terms of the offer, and a live controversy remains); *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167-68

(11th Cir. 2012) (The district court erred in finding Appellees' settlement offers rendered moot Appellants' FDCPA claims because the settlement offers did not offer full relief). *see also* Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 454-55 (5th Cir. 2003) (describing as "vague" Rule 68 offer in FDCPA case that left calculation of actual damages to later agreement by attorneys).

II. DISCUSSION

Because the defendants submitted evidence in support of their position, this case presents a factual jurisdictional challenge. The court has accordingly considered the defendants' offer of judgment in connection with the motion.

The court finds the defendants' motion to dismiss should be denied. The court's determination involves two potential premises—one, that the defendants have offered the plaintiff everything she could possibly win as an individual and two, that, once that is the case, the individual and uncertified class claims both must be dismissed as moot. The court finds the defendants have not cleared the first hurdle, and accordingly the court need not address the class-claims argument.

The court finds the defendants' offer does not afford the plaintiff all the relief she seeks. The defendants' offer appears to encompass those demands the defendants believe are legitimate; it does not cover all of the plaintiff's individual demands. The defendant contends, without any evidence or authority, that a monetary offer of $4,001.00 is "more than the plaintiff's claimed damages." There is no basis for the court to conclude that the plaintiff could recover no more than $4,001.00 should the case proceed. The plaintiff's complaint contains a prayer for general damages as allowed under the relevant statutes and "such other relief as the court deems just and

equitable." The defendants' Rule 68 offer of judgment does not offer to meet the plaintiff's full demand for relief because it does not include actual damages.

Also, the defendants' cryptic offer of "injunctive and declaratory relief as prayed for in the complaint solely with respect to Plaintiffs individual claims" is not only vague, but does not include all the declaratory and injunctive relief a successful plaintiff would be entitled to under the NCPA, which contemplates a broader injunction to satisfy its public interest goals. The offer's inclusion of attorney fees in an amount "to be determined by the court" is similarly vague and open-ended. The plaintiff cannot reliably estimate what the court would award, in view of the court's discretion in that area. The offer is thus "conditional," predicated on what the district court might or might not do with respect to attorney fees. Further, the offer fails to account the potential for an enhanced award under the NCPA. Under the circumstances, the plaintiff cannot know unequivocally what is being offered.

The court rejects the defendants' argument that the timing of the offer of judgment (preceding the motion for class certification) weighs in favor of granting their motion. That argument is misplaced. The court finds no undue delay in the plaintiff's filing of her motion for class certification. In fact, the defendants' service of the offer of judgment on March 18, 2014, shortly after the action was filed and before the defendants even served their answer, suggests the sort of "picking off" activity that has been disapproved by the Eighth Circuit and other courts as frustrating the objectives of class action suits and inviting a waste of judicial resources. The plaintiff did not drag her feet in filing for class certification. To allow defendants to avoid liability for its allegedly class-wide wrongs merely by racing to proffer settlement offers effectively

denying all putative plaintiffs' claims at the inception of a case would be bad policy and would effectively eviscerate the effectiveness of class action lawsuits in cases such as this one where individual damages are relatively small and not worthy of individual efforts to recover.[4]

The court finds that the defendants' offer leaves a live controversy for the court to resolve, Jenkins maintains a personal stake in the outcome of the action, and the defendants' offer does not render the action moot. Accordingly,

IT IS ORDERED:

1. The defendants' motion to dismiss (Filing No. 23) is denied.

2. The motion for class certification remains held in abeyance pending further order of the court.

3. A briefing schedule will be set at the parties' planning conference.

DATED this 27th day of August, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

[4] Moreover, even if the offer of judgment did satisfy the plaintiff's entire demand for injuries and costs of litigation, the court is not convinced that the Eighth Circuit would find the case moot in these circumstances. The Eighth Circuit's holdings in *Potter*, *Alpern* and *Hartis* seem to indicate that a motion for class certification must be denied before a court can enter judgment on a Rule 68 offer. In all of those cases, the court had ruled on the merits of the motions for class certification. The issue here is whether the tender and rejection of an offer of judgment <u>before class certification</u> would lead to a different result than dismissal of the action. Under the facts herein, the court suggests it would. The court agrees with the courts within the Eighth Circuit that find that "the Eighth Circuit would likely not allow a defendant to pay off the named plaintiff to preemptively force dismissal of the putative class action." *See March*, 2013 WL 6265070, at *3 (emphasis added); *Prater v. Medicredit, Inc.*, No. 14-cv159, 2014 WL 3973863, *2 (E.D. Mo. August 14, 2014). The court also agrees that the recent Supreme Court case of *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. at 1528-29 does not change that result. See *Prater*, 2014 WL 3973863 at *2; *Sandusky Wellness Center, LLC,* 2013 WL 3771397 at *2.