# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEE A. JENKINS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>CHRISTOPHER E. PECH and PECH, HUGHES, & MCDONALD, P.C. d/b/a Litow & Pech, P.C., A Fictitious Name,<br><br>        Defendants. | 8:14CV41<br><br>ORDER |

    This matter is before the court on the plaintiff's, Lee A. Jenkins, Motion to Extend Deadline for Reply to Motion for Class Certification (Filing No. 49). The plaintiff filed an index of evidence (Filing No. 50) in support of the motion. The defendants, Christopher E. Pech (Pech) and Pech, Hughes, & McDonald, P.C. d/b/a Litow & Pech, P.C., a fictitious name (collectively the defendants), filed a brief (Filing No. 51) with an index of evidence (Filing No. 51-1) in opposition to class certification. The plaintiff filed a brief (Filing No. 54) in reply and index of evidence (Filing No. 55) in support of the reply.

    The plaintiff seeks an extension until December 12, 2014, to file a reply in support of the plaintiff's class certification motion. **See** Filing No. 49 - Motion. The plaintiff's reply is due October 27, 2014. On September 30, 2014, a day before filing his class certification motion, the plaintiff requested to depose Tyler Grimm (Grimm), who, according to the plaintiff, is a former employee of the defendants and key witness. *Id.* at 1-2.[1] On October 7, 2014, counsel for the defendants responded and the parties agreed to hold Grimm's deposition on October 17, 2014, which was before the plaintiff's reply deadline for the class certification motion. *Id.* On October 14, 2014, defense counsel informed plaintiff's counsel a conflict arose and Grimm's deposition would have to be rescheduled. *Id.* The parties rescheduled Grimm's deposition for November 14,

---

[1] The plaintiff argues September 30, 2014, the day after receiving the transcript of the Pech deposition, was the first possible time for the plaintiff to know the defendants no longer employed Grimm and Pech could not respond to questions concerning class certification, claiming Grimm alone possesses the required information. **See** Filing No. 49 - Brief.

2014. *Id.* at 2-3. The plaintiff argues the defendants have not provided good cause for the cancellation of Grimm's deposition. *Id.* The plaintiff contends the defendants' opposition to class certification can only be resolved after Grimm's deposition. *Id.* The plaintiff also argues he learned after Pech's deposition of five additional witnesses with knowledge of numerosity and information concerning class certification who the plaintiff must depose before filing a reply in support of the class certification motion. *Id.* at 3-4.

In response, the defendants argue the plaintiff has not provided good cause to amend the pretrial schedule of this case. **See** Filing No. 51 - Response at 2. The defendants contend the plaintiff has not explained why he suddenly requires the depositions of several additional witnesses, including Grimm, before replying to the defendants' opposition to class certification. *Id.* The defendants assert they did not rely on evidence from Grimm or the other witnesses in their opposition to the class certification motion, thus there is no basis for arguing the defendants' arguments now make Grimm's deposition a necessity. *Id.* at 4-6. The defendants also argue when the plaintiff sought to depose Grimm, the plaintiff did not take the position Grimm's deposition was required for the class certification motion. *Id.* at 5.

In reply, the plaintiff argues Grimm is an important witness because he was the only attorney who reviewed the plaintiff's case, as well as other class members' cases. **See** Filing No. 54 - Reply p. 2, 8-10. The plaintiff also argues the other individuals identified during Pech's Rule 30(b)(6) deposition may have information relevant to numerosity of the second class the plaintiff seeks to certify. *Id.* at 4, 12-15. The plaintiff reiterates he has been diligent in obtaining discovery. *Id.* at 6-15.

While the court recognizes a court's progression order "may be modified only for good cause and with the judge's consent,"[2] the plaintiff is not seeking a modification of the court's progression order. The plaintiff complied with the court's Order for Initial Progression of Case by filing the class certification motion on October 1, 2014. A planning conference is set for November 5, 2014, at which time the court will enter a final progression order setting case deadlines and this case for trial. Therefore, extending the plaintiff's reply deadline will not delay this case or require an amendment to a progression order. Instead, the plaintiff is simply seeking an extension to reply to

---

[2] Fed. R. Civ. P. 16(b)(4).

2

the defendants' opposition to class certification due to discovery issues.  The plaintiff has shown the individuals scheduled to be deposed may have relevant information to the class certification issue, specifically information on commonality, typicality, and numerosity.  Requiring the plaintiff to reply without adequate discovery would unfairly prejudice the plaintiff and potentially result in a waste of judicial resources.  The defendants fail to show they will suffer any unfair prejudice from an extension.  Additionally, the plaintiff has shown he has been diligent in progressing this case and there is no indication of a dilatory motive.  Accordingly,

**IT IS ORDERED**:

The  plaintiff's Motion to Extend Deadline for Reply to Motion for Class Certification (Filing No. 49) is granted.  The plaintiff shall have until **December 12, 2014**, to file a reply in support of the Amended Motion for Class Certification (Filing No. 41).

Dated this 28th day of October, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge