IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEE A. JENKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER E. PECH and PECH, HUGHES, & MCDONALD, P.C. d/b/a Litow & Pech, P.C., A Fictitious Name,<br><br>Defendants. | 8:14CV41<br><br>ORDER |

This matter is before the court on three motions filed by the plaintiff, Lee A. Jenkins (Jenkins): Motion to Compel Subpoena (Filing No. 81); Motion to Compel Trak America and Grimm Subpoenas (Filing No. 93); and Motion to Compel Responses (Filing No. 97). The parties fully briefed the motions.

## BACKGROUND

This action pertains to the defendants', Christopher E. Pech (Pech) and Pech, Hughes, & McDonald, P.C. d/b/a Litow & Pech, P.C., a fictitious name, use of a standard letter and specific envelope in an effort to collect debts in Nebraska. Jenkins filed the instant action on February 6, 2014. **See** Filing No. 1 - Complaint. On February 12, 2014, Jenkins filed an amended complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and Nebraska's Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 - 59-1623 (NCPA) for the defendants' routine practice of sending a misleading letter (Filing No. 6-1 - Letter) and envelope (Filing No. 6-2 - Envelope) concerning Jenkins' past-due debt. **See** Filing No. 6 - Amended Complaint.

In Jenkins' first and second motions, he requests the court to overrule the defendants' objections to the issuance of subpoenas on FIA Card Services, N.A. (FIA Card Services) and Trak America BOA FIA NE (Trak America). **See** Filing Nos. 81 and 93 - Motions. The FIA Card Services and Trak America subpoenas request: "All records and documents of any kind of all credit card accounts sold to or transferred for collection to

defendants Christopher E. Pech and/or the law firm Pech, Hughes & McDonald, P.C." **See** Filing No. 62 - FIA Card Services Subpoena, Filing No. 86-1 - Trak America Subpoena. After discussion, Jenkins offered to limit the FIA Card Services subpoena to:

> All records and documents for the credit card accounts of those Nebraska residents to whom Defendants' [sic] sent the 560 letters identified by Defendants during the period of June 2013 through February 2014 which were sold to or transferred for collection to Defendants Christopher E. Pech and/or the law firm Pech, Hughes & McDonald, P.C.

**See** Filing No. 82 - Brief p. 3.  Jenkins contends the information sought may be useful in identifying class members.  **See** Filing No. 82 - Brief; Filing No. 94 - Brief.  Jenkins proposes any confidential information can be protected under the protection order entered in this case.  *Id.*; **see also** Filing No. 30 - Protective Order.

Also in his second motion to compel, Jenkins seeks to issue a subpoena on Tyler J. Grimm (Grimm), a previous employee of the defendants.  **See** Filing No. 93 - Motion.  The Grimm subpoena seeks:

> All records, e-mails, spreadsheets, including all documents of any kind electronic in form and otherwise associated with the review credit card account of those Nebraska residents to whom Defendants' [sic] sent the 560 letters identified by Defendants during the period of June 2013 through February 2014 which were sold to or transferred for collection to Defendants Christopher E. Pech and/or the law firm Pech, Hughes & McDonald, P.C.

**See** Filing No. 85-2 - Grimm Subpoena.  Jenkins similarly claims the information may be useful in identifying which accounts of prospective class members were incurred for personal, family, or household purposes.  **See** Filing No. 94 - Brief.  Underlying Jenkins' motions is the argument the defendants cannot oppose class certification on the basis Jenkins has not produced any evidence of records of the original creditors and also oppose Jenkins' attempt to obtain such records.

In Jenkins' third motion he seeks to compel responses to his third set of discovery requests.  **See** Filing No. 97 - Motion.  Jenkins made two requests for production in his third set of discovery requests.  First, Jenkins seeks "[a]ll documents generated by Defendants' records search made pursuant to, 'The SQL query extracts files placed by Bank of America' as found on and pursuant to discovery responses served by Defendants

and marked PECH 00020." **See** Filing No. 99-2 - Requests.  The second request seeks "[a]ll records, including copies of electronic transmissions and communications, including but not limited to e-mails, sent back and forth between Defendants and attorney Tyler Grimm demonstrating spread sheets of new accounts and account exceptions reviewed by Mr. Grimm from June 1, 2013 to the present." *Id.*  After asserting boilerplate objections, the defendants responded to both requests, "A diligent and reasonable inquiry has revealed no documents responsive to this Request." *Id.*  Jenkins argues the requested information is required to assist in identifying the class members.

The defendants oppose the issuance of subpoenas to FIA Card Services and Trak America on the basis their records "may" be useful as insufficient to meet Jenkins' threshold showing of relevance.  **See** Filing Nos. 87 and 101 - Responses.  The defendants contend the records will not demonstrate whether a charge was for personal, family, or household purposes.  *Id.*  Additionally, the defendants argue credit card statements are extremely private and should not be disclosed without the individual cardholder's consent.  *Id.*  In the event the court does allow the subpoenas, the defendants assert the cardholders should be given the opportunity to "opt-out" of production of their statements.  *Id.*  The defendants also object to the subpoena on Grimm because it is overbroad and may include production of attorney-client communications.  **See** Filing No. 101 - Response.

The defendants oppose Jenkins' third motion because, despite a diligent and reasonable inquiry, the defendants do not possess or have control of the requested discovery.  **See** Filing No. 104 - Response.  The defendants argue the documents Jenkins seeks, when they existed, were spreadsheets[1] containing basic demographic data relating to account holders, such as their name, address, social security number, account number, account balance, last payment date, last payment amount, charge off date, and judgment date.  *Id.*  The defendants explain the spreadsheets did not include any information about how or why individuals incurred the charges on their credit card.  *Id.*  The defendants assert Jenkins has not provided any evidence supporting the allegation the defendants possess the requested discovery.  *Id.*

---

[1] Jenkins does not appear to dispute the characterization of the sought-after discovery as spreadsheets. The court assumes, absent information to the contrary, the "SQL query extracts files" are the spreadsheets.

In reply, Jenkins reiterates the requested records from FIA Card Services and Trak America may be useful in identifying class members. **See** Filing Nos. 88 and 105 - Replies. Jenkins asserts the existing protective order in this case will protect account holders' confidential information. *Id.* Jenkins also argues the defendants' purported concern for the privacy rights of the proposed class members is disingenuous. *Id.* In contradiction to the defendants' assertion the defendants do not possess the requested spreadsheets, Jenkins argues Grimm testified he saved his spreadsheets to his computer and thus the information is available electronically. *Id.* Jenkins contends the defendants have highly computerized systems and to claim a diligent search for the requested information has been made is simply specious. **See** Filing No. 107 - Reply. Jenkins points to Grimm's testimony wherein he stated "[t]o my knowledge, there were never any files destroyed or anything like that. And so as far as I know, in the time that I was there, they maintained all electronic records indefinitely. I don't know." *Id.* (**citing** Filing No. 79-18 - Grimm Depo. 35:13-36:10).

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity

4

answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).

A.  Subpoenas

  1.  Standing

"[An] adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009) (**citing** *Mawhiney v. Warren Distribution, Inc.*, No. 8:05CV466, 2007 WL 433349, at *1 (D. Neb. Feb. 7, 2007), *aff'd*, 283 Fed. Appx. 424, No. 07-2753 (8th Cir., July 10, 2008); *Union Pac. R.R. Co. v. Mike's Train House, Inc.*, No. 8:05CV575, 2006 WL 1134781, at *3 (D. Neb. Apr. 25, 2006)). The defendants obviously do not have any personal right in the information sought; however, the defendants contend the information sought is irrelevant. "A party does have standing to move for a protective order if a third-party subpoena seeks irrelevant information." *Streck, Inc.*, 2009 WL 1562851, at *3 (**citing** *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)). Accordingly, based on the defendants' argument the discovery is irrelevant, the defendants have standing to contest issuance of the subpoenas. Additionally, Jenkins does not contest the defendants' standing.

  2.  Merits

Under this court's local rules, "No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections. Any unresolved objections will be resolved by the court on appropriate motion filed in accordance with NECivR 7.1." NECivR 45.1(b); **see also** Fed. R. Civ. P. 45.

Absent the conclusory statement the sought-after information "may be useful in identifying the class members because Defendants' claim that they are unable determine which accounts were incurred for personal, family, or household purposes[,]" Jenkins has not explained how these documents will help Jenkins differentiate between personal and business debts. Evidence from a record or credit card statement that an individual made a charge at a store will not definitively identify the charge as a personal or business

expense. Even assuming the credit card records are relevant, the records are minimally relevant, and when weighing the minimal relevance of this information against the privacy interests of the cardholders, the court finds the subpoenas on FIA Card Services and Trak America should not be issued.[2] Importantly, Jenkins has not explained why it cannot contact the putative class members for this information. Jenkins can obtain the contact information from the defendants and ask the 560 individuals for their credit card records and whether their charges were for personal uses. **See** *In re Cantrell*, No. 09MC0158, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena."); Fed. R. Civ. P. 26(b)(2)(C)(iii).

Regarding the subpoena on Grimm, the court finds Jenkins may issue the subpoena. The subpoena is not overly broad merely because some responsive documents may be privileged. To the extent Grimm possesses the requested information, he may object to production based on the appropriate privilege, if applicable, and provide the necessary privilege log. **See** Fed. R. Civ. P. 45(e)(2).

**B.     Requests for Production**

Federal Rule of Civil Procedure 34 allows a party to request of another party production of documents for inspection and copying. Fed. R. Civ. P. 34(a). The rule applies to such documents that are "in the responding party's possession, custody, or control." *Id.*

Aside from the issue of whether the requested spreadsheets continue to exist, Jenkins fails to make a threshold showing that the spreadsheets are relevant. According to Jenkins,

> The documents requested are for the purpose of distinguishing between consumer debts and business debts. The requested documents could be redacted to remove the name, address, and other personal identifiers and leave only the last four digits of the account holders' social security numbers or account numbers or a unique number assigned to each of the 560 accounts in order to produce a class list.

---

[2] The court also notes Jenkins has not identified who FIA Card Services and Trak America are and why these companies would have the requested records.

**See** Filing No. 107 - Reply.  Further, Jenkins argues, "[t]here is no doubt in this case that the Plaintiff's requests ask for relevant information."  **See** Filing No. 107 - Reply p. 4, 8; **see also** Filing No. 98 - Brief.  However, according to the defendants, the spreadsheets, "when they existed," contained,

> basic demographic data relating to account holders, such as their name, address, social security number, account number, account balance, last payment date, last payment amount, charge off date and judgment date.  These spreadsheets did not include any information about how or why any the purported class members incurred the individual charges on their credit card accounts.

**See** Filing No. 104 - Response.

First, based on the defendants' description of the spreadsheets, the court is not convinced the spreadsheets are relevant to determining whether an individual's debt is personal or business related.  Jenkins has not explained how the spreadsheets are relevant or would lead to relevant information.  Second, even if these spreadsheets existed and are produced, after redacting the spreadsheets of personal identifiers as Jenkins suggests, the documents would seemingly be useless and contain some numbers indicating an individual's account balance and payment dates.  As a practical matter, nearly the entire content of the spreadsheets would be redacted because the spreadsheets merely contain basic demographic data.  Accordingly, the court finds Jenkins has not established the relevance of the spreadsheets.

Regardless, even assuming the spreadsheets are relevant, the court cannot compel production of documents which do not exist.  While Jenkins may not believe all documents responsive to these requests have been produced or that the documents do not exist, Jenkins makes no showing to the contrary.  The defendants informed Jenkins the requested documents do not exist in their discovery responses, Filing No. 99-2 - Requests,[3] defense counsel's communication with Jenkins' counsel, Filing No. 104-1 - Narita Aff. ¶ 5, and again in the briefing of this motion.  The court cannot imagine additional information Jenkins could possibly need to confirm the documents no longer exist.  Jenkins' evidence in his reply, Filing No. 107, does not establish the defendants have the information or documents.  The evidence simply shows the defendants use

---

[3] Counsel for the defendants signed the discovery responses in accordance with the local and federal rules.

computer systems and make records. Further, while Grimm did not delete any spreadsheets, he testified equivocally, "And so as far as I know, in the time that I was there, they maintained all electronic records indefinitely. *I don't know.*" **See** Filing No. 79-18 - Grimm Depo. 36:8-10; 76:4 (emphasis added). The court notes however, the defendants could have obviated this issue had the defendants simply explained why the spreadsheets no longer exist. At this time, the court does not know whether the spreadsheets were destroyed pursuant to company policy or were lost for some other reason because the defendants have only represented the documents no longer exist. While defense counsel may have explained this during a telephone conference with Jenkins' counsel, the court is not aware of any such explanation. Regardless, because the court finds Jenkins has not established the spreadsheets' relevance, the court will not compel supplemental responses.

**C.    Payment of Expenses**

Federal Rule of Civil Procedure 37 addresses the payment of expenses for motions to compel discovery. Specifically, Rule 37(a)(5)(B) provides:

> If [a] motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Additionally, Rule 37(a)(5)(C) provides: "If the motion is granted in part and denied in part the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Jenkins did not address the appropriateness of an award of expenses and the defendants only briefly requested sanctions in response to Jenkins' third motion. Nevertheless, the court does not consider additional briefing on this issue is necessary for a determination. The court will not award the defendants expenses for responding to the second motion to compel because the motion is granted in part and denied in part. Additionally, because the court finds the defendants could have obviated the third motion with a more complete response, the court will not award the defendants expenses for responding to the third

motion. However, the court will award the defendants expenses for responding to the first motion. Jenkins' failure to address the relevance of the sought-after discovery, with the exception of a conclusory sentence, justifies an award of expenses. Jenkins' first motion was not substantially justified and other circumstances do not make an award unjust. Accordingly, Jenkins shall pay the defendants' attorney's fees for responding to the first motion.

**IT IS ORDERED**:

1. Jenkins' Motion to Compel Subpoena (Filing No. 81) is denied.

2. Jenkins' Motion to Compel Trak America and Grimm Subpoenas (Filing No. 93) is granted to the extent Jenkins may issue the Grimm subpoena and denied in all other respects.

3. Jenkins' Motion to Compel Responses (Filing No. 97) is denied.

4. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before February 26, 2015**, a stipulation of fees to be awarded. In the event the parties fail to reach an agreement, the defendants may file **on or before March 2, 2015**, an application for the award of fees accompanied by an affidavit of such fees, pursuant to Civil Rules of the United States District Court for the District of Nebraska 54.3 and 54.4. Jenkins shall have until **on or before March 9, 2015**, to respond to the defendants' application. Thereafter, the issue will be deemed submitted and a written order entered.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 19th day of February, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge