IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LEE A. JENKINS, on behalf of himself and
all others similarly situated;

                Plaintiff,

     vs.

CHRISTOPHER E. PECH, PECH,HUGHES,
& MCDONALD, P.C., d/b/a Litow & Pech,
P.C., A Fictitious Name;

                Defendants.

**8:14CV41**

**MEMORANDUM AND ORDER**

      This matter is before the court on the plaintiff's objection, Filing No. 115, to the magistrate judge's order, Filing No. 111, in connection with the plaintiff's motions to compel subpoenas on FIA Card Servs., Inc., N.A. ("FIA") and Trak America BOA FIA NE ("Trak America") and awarding payment of expenses to defendants as a sanction in connection with the plaintiff's motions to compel. See *Jenkins v. Pech*, 2015 WL 728305 (D. Neb., Feb. 19, 2015).

      This is a class action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59–1601 to 59–1623 ("NCPA").[1] The facts are set out in the magistrate judge's Findings and Recommendation (F&R), Filing No. 110, the magistrate judge's order denying the motion to compel, Filing No. 111, and this court's order on class certification, Filing No. 135, and need not be repeated here. Briefly, the plaintiff challenges a form debt collection letter sent by defendants (an attorney and law firm) to approximately 560 Nebraskans. The

---

[1] The magistrate judge recommended certification of the class and this court overruled the defendant's objections to that recommendation. See Filing No. 110, Findings and Recommendation; Filing No. 135, Memorandum and Order.

defendants contest liability on the ground, *inter alia*, that the debts at issue are not consumer debts.

Plaintiff Lee A. Jenkins (hereinafter, "the named plaintiff") objects to the denial of the motion to compel and the imposition of sanctions. The magistrate judge found Jenkins had not explained how the requested documents would help differentiate personal from business debts, noting that an account record or credit-card statement showing that an individual made a purchase would not definitively identify the charge as a personal or business expense. *See* Filing No. 111, Order at 5-6. Further, the magistrate judge found the records minimally relevant, and found the relevance outweighed by the privacy interests of the cardholders. *Id.* at 6. The magistrate judge also noted that Jenkins had not identified FIA Card Services and Trak America or shown that the companies would have the requested records. *Id.* at 6 & n.2. Further, the magistrate judge found that Jenkins could obtain the contact information from the defendants and ask the 560 putative class members for their credit card records. *Id.* at 6. The magistrate judge also awarded the defendants their fees and expenses in responding to the motion as a sanction under Fed. R. Civ. P. 37, finding that Jenkins's failure to address the relevance of the sought-after discovery justified the award. *Id.* at 9.[2]

The named plaintiff contends his motion to compel was substantially justified. Jenkins has shown that, after consultation with defendants' counsel with respect to the assertion that the original request was overly broad and burdensome, he agreed to limit the subpoena request to the 560 Nebraska putative class members disclosed by defendants as

---

[2] The parties subsequently entered into a stipulation, without waiving the plaintiff's objections, as to the amount of fees and expenses. Filing No. 117. That stipulation was approved by the magistrate judge, and payment has been tendered in accordance with the stipulation. Filing No. 120, Order on Stipulation; Filing No. 127, Satisfaction of Fee Award.

recipients of the allegedly offending letters.[3]  Jenkins argues the credit card account information is relevant and necessary to respond to the defendant's persistent assertions that the plaintiff cannot show the obligations at issue were incurred for personal or household, rather than business, expenses.  Further, he argues that privacy concerns can be obviated by the protective order issued in this case, and by appropriate redaction.[4]  *See* Filing No. 30, Protective Order.

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A).  *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.").

---

[3] Jenkins originally sought production of all records and documents associated with the credit card account of plaintiff Lee A. Jenkins for the Bank of America account at issue and "[a]ll records and documents of any kind of all credit card accounts sold to or transferred for collection to defendants Christopher E. Pech and/or the law firm Pech, Hughes & McDonald, P.C."  *See* Filing No. 62-1, FIA Subpoena; Filing No. 86-1, Trak America Subpoena.  The plaintiff now seeks:

> All records and documents of any kind regarding the 560 accounts of those Nebraska residents to whom Defendants' sent the 560 letters identified by Defendants during the period of June 2013 through February 2014 which were sold to or transferred for collection to Defendants Christopher E. Pech and/or the law firm Pech, Hughes & McDonald, P.C.

*See* Filing No. 81, Motion to Compel; *see also* Filing No. 86-2, Ex. A (regarding Trak America Subpoena).

[4] The plaintiff also argues he was denied an opportunity to be heard in connection with the motion for sanctions.  In light of this disposition, the court need not address the issue.

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996); see *Ferguson*, 484 F.3d at 1076. "Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law." *Brooks v. Lincoln Nat'l Life Ins. Co.*, No. 8:05CV118, 2006 WL 2487937, at *3 (D. Neb. Aug. 25, 2006). A magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes. See *Sheets v. Butera*, 389 F.3d 772, 780 (8th Cir. 2004) (stating that review of questions concerning discovery matters is very deferential).

Rule 37(b) authorizes sanctions for failure to comply with discovery orders. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1011-12 (8th Cir. 1993). Rule 37, interpreted consistent with its purposes, authorizes an award encompassing "'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (quoting *Aerwey Labs. v. Arco Polymers*, 90 F.R.D. 563, 565–66 (N.D. Ill. 1981)). Federal Rule of Civil Procedure 37(b)(2)(C) requires the court to "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Under the Federal Rules, discovery is authorized on matters that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

I.  DISCUSSION

With due respect, the court finds the magistrate judge clearly erred in sustaining defendant's objections to the motion to compel and in awarding sanctions. The record

4

shows the defendant has vigorously and consistently argued that the personal/business expense distinction may bar some or all of plaintiff's and plaintiff class's claims. Defendant opposed the plaintiff's motion for class certification on that basis. *See* Filing No. 48, Brief in opposition at 12-24. In fact, defendant criticized the plaintiff's failure to seek discovery or present evidence of the records of the original creditors, which, it argued, would show how and why the class members incurred the debts at issue. *Id.* at 13-14; *see also* Filing No. 83-2. Defendant then objected to the magistrate's F&R recommending class certification, arguing that the class could not be ascertained because of uncertainty as to the nature of the debt. *See* Filing No. 114-1, Defendants' Brief at 2 ("There is no evidence showing that recipients of the challenged letter incurred a 'debt' subject to the FDCPA."). At depositions, witnesses were questioned extensively on the nature of the debt. *See, e.g.,* Filing No. 79-2, Index of Evid., Ex. 1, Declaration of William Reinbrecht ("Reinbrecht Decl."), Ex.1A, Deposition of Christopher Pech ("Pech Dep.") at 80-83*; id.,* Ex.3A, Deposition of Tyler Grimm ("Grimm Dep.") at 41-42; *id.,* Ex.1G, Deposition of Lee A. Jenkins ("Jenkins Dep.") at 59-61.

The court further disagrees with the magistrate judge's conclusion that because "the production of account records will not definitively identify the charge as a business or personal expense," they need not be produced. Evidence need not be definitive to be relevant. The plaintiff has shown the evidence will at least be probative of the issue. The court finds credit-card account records are relevant to counter the defendant's asserted defense that debts at issue are not within the ambit of the FDCPA. As long as defendants continue to assert that defense, the underlying documents are relevant. Further, the court finds that it would be unduly burdensome on the named plaintiff to obtain such records from putative class members, who may not have retained such records, whereas the defendant

5

law firm and its credit-card processing client are highly automated entities with capabilities to generate and obtain information by running queries in their computer systems. *See* Filing No. 79-2, Ex. 1, Reinbrecht Decl., Ex. 1A, Pech Dep. at 87, 168.

The court agrees with the plaintiff that the defendant cannot have it both ways. Defendants cannot oppose class certification on the basis that the named plaintiff and putative class members cannot show the underlying debt are for personal or household expenses and simultaneously object to a subpoena for those records being served on its client and the custodian of the records of the credit-card debts at issue. Notably, the record shows that FIA is Bank of America's credit-card processing arm and the defendants' client. *See* Filing No. 79-18, Ex. 1, Reinbrecht Decl., Ex. 3A, Grimm Dep. at 34-35; *Id.*, Filing No. 79-13, Jenkins dep. at 68; Filing No. 135, Memorandum and Order at 4 n.4, 18. The letters at issue are aimed at collection on FIA accounts. *Id.* Defendant Pech testified that he could obtain the statements by merely asking the client. Filing No. 79-2, Index of Evid., Ex.1A, Pech Dep. at 80-81; Ex.3A, Grimm Dep. at 41-42.

Although the court assumes Trak America BOA is another entity owned or controlled by Bank of America, there is no evidence with respect to that entity in the record. The plaintiff will need to provide the court with more information as to the identity and position of Trak America vis-à-vis the controversy in this case before any subpoena will issue.

Because the court finds the named plaintiff's position in moving to compel the subpoenas was substantially justified in light of the defendants' continued reliance on the business debt/personal or household debt distinction, the court finds awarding sanctions is not appropriate. Accordingly,

IT IS ORDERED:

1.      The plaintiff's objection (Filing No. 115), to the magistrate judge's order (Filing No. 111) is sustained.

2.      The order of the magistrate judge (Filing No. 111) is affirmed in part and reversed in part, as set forth in this order.

3.      The named plaintiff's motion to compel the subpoena of records in the possession of FIA Card Services (Filing No. 81) is granted.

4.      The named plaintiff's motion to compel the subpoena of records in the possession of Trak America (Filing No. 93) is denied without prejudice to reassertion on a proper showing of that entity's connection to this case.

5.      The magistrate judge's award of expenses as a sanction (Filing No. 111) and order approving the parties' stipulation (Filing No. 120) are hereby vacated.

Dated this 23rd day of June, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge