IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEE A. JENKINS, on behalf of himself and all others similarly situated;<br><br>          Plaintiff,<br><br>      v.<br><br>CHRISTOPHER E. PECH, AND PECH, HUGHES, & MCDONALD, P.C., d/b/a Litow & Pech, P.C., A Fictitious Name;<br><br>          Defendants. | 8:14CV41<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the parties' Joint Motion for Settlement. Filing No. 154. This is an action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq. ("NCPA").

    I.    Certification

This case was earlier certified to proceed as a class action. *See* Filing No. 135, Memorandum and Order; *Jenkins v. Pech*, No. 8:14CV41, 2015 WL 3658261 (D. Neb. June 12, 2015). In the order certifying the class, this court found the prerequisites of Fed. R. Civ. P. 23 (a) and (b) were satisfied. *Id.* at 7-11.

For purposes of settlement only, the parties now seek certification of the following settlement class:

> (a) All persons residing in Nebraska (b) to whom Defendants Christopher E. Pech and/or Pech, Hughes & McDonald, P.C. sent, or caused to be sent, a letter in the form of Exhibit A (attached to the First Amended Complaint), (c) in an attempt to collect a purported obligation which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes.

Filing No. 154-1, Ex. A1, Class Action Settlement Agreement at 3. Excluded from the settlement class are any persons already subject to an existing release; deceased persons and any person who has filed for bankruptcy protection under Title 11 of the United States Code; and any Class Members who timely mail a request for exclusion. *Id.* The earlier certified class differs from the proposed settlement class only with respect to the persons excluded.

For the reasons stated in the court's earlier order, the court finds the proposed settlement class meets the requirements of Fed. R. Civ. P. 23. The parties have shown that the requirements of numerosity, commonality, typicality, and adequacy are satisfied, as well as establishing that there are questions of law and fact common class that predominate over the questions affecting only individual class members. Further, the parties have shown that a class action is the superior method for fair and efficient adjudication of the dispute under Fed. R. Civ. P. 23(b)(3)(a)-(D). William L. Reinbrecht and Pamela A. Car of the law firm Car & Reinbrecht, P.C., L.L.O., and attorney O. Randolph Bragg of the law firm Horwitz, Horwitz & Associates, LTD, were appointed class counsel.

For settlement purposes only, the court preliminarily finds that the action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely: The class members are so numerous that joinder of all of them in the action is impracticable; there are questions of law and fact common to the class members that predominate over any individual questions; the claims of the plaintiff class representative, Lee A. Jenkins, are typical of the claims of the class members; the

plaintiff and class counsel have fairly and adequately represented and protected the interest of all of the class members; and class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

II. Preliminary Approval

In considering preliminary approval, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice. Manual of Complex Litigation (Fourth) § 21.632 (2010); *see also* Fed. R. Civ. P. 23(e). First, the court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing. *Id.* After an agreement is preliminarily approved, the second step of the process ensues: notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Id.*

A "district court may only approve a class action settlement if it is 'fair, reasonable, and adequate.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (quoting Fed. R. Civ. P. 23(e)(2)). "To make the determination, the district court must consider four factors: '(1) the merits of the plaintiff's case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement.'" *Marshall*, 787 F.3d at 508 (quoting *In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013)). The single most important factor in

3

determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement. *Marshall*, 787 F.3d at 508 (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)). *Van Horn*, 840 F.2d at 607.

A settlement agreement is "presumptively valid." *Uponor*, 715 F.3d at 1063 (quoting *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1391 (8th Cir. 1990). The courts' "guiding principle" is that '"a class action settlement is a private contract negotiated between the parties."' *Marshall,* 787 F.3d at 508 (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)). The court's role in reviewing a negotiated class settlement is to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned. *Id.*

A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *In re Wireless*, 396 F.3d at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996).

The notice of a class action settlement "need only satisfy the 'broad "reasonableness" standards imposed by due process.'" *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154 (8th Cir. 1999) (quoting *Grunin v. International House of Pancakes,*

4

513 F.2d 114, 123 (8th Cir. 1975)). It is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Petrovic,* 200 F.3d at 1154 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The court has reviewed the parties' proposed settlement agreement. Filing No. 154-2, Index of Evid., Ex. A, Declaration of Tomio B. Narita ("Narita Decl."), Ex. A1, Class Action Settlement Agreement. In the proposed settlement agreement, the defendants have agreed to establish a settlement fund of $19,000.00, and to pay $33.92 to each of the approximately 560 class members who elect to participate in the Settlement. *Id.* at 6. The fund will be administered by First Class Inc., class action administration service of Chicago, Illinois. *Id.* at 5. To the extent any settlement checks go uncashed after the claims administrator takes all reasonable steps to forward checks to any forwarding addresses, such funds will be redistributed equally between the National Consumer Law Center and the National Association of Consumer Advocates, as *cy pres* recipients. *Id.* at 6-7. Importantly, the defendants have agreed not to send any collection letters in the form of the debt collection letter at issue. *Id.* at 7. Finally, the defendants have agreed to pay class counsel's attorneys' fees, costs, and expenses in the amount not to exceed $176,273.00, subject to Court approval, as well as the claims administration costs, separate and apart from and in addition to the relief provided to the class. *Id.* at 6-7. Also, in recognition of his services as the Class Representative and for his individual settlement damages, the defendants agree to pay plaintiff Lee A. Jenkins the amount of $4,500.00. *Id.* at 6.

The proposed settlement also provides for notice to each member of the proposed class by individual mailed notices. *Id.* at 5. Counsel for the parties have also submitted a proposed class notice. Filing No. 154-2, Ex. B. The court finds the proposed form and method for notifying the class members of the settlement and its terms and conditions meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and satisfies due process. The court finds that the individual mailed notices are the best notice practicable under the circumstances. Further, the proposed notice is clearly designed to advise the class members of their rights and to explain procedures for exclusions and objections. The Court approves the form and substance of the notice of class action settlement described in the proposed settlement agreement and attached to the joint motion as Exhibit B.

The parties have shown that they conducted extensive arms-length negotiations with the assistance of United States Magistrate Judge Thomas Thalken. Both parties were represented by competent experienced counsel. The parties conducted discovery and the case has proceeded to a point where the parties were fully aware of the merits of their respective positions. The parties represent that they have exchanged information regarding the net worth of the defendants, and the defendants contend that their net worth is substantially negative. *See* Filing No. 154-1, Joint Brief at 21.

It appears to the court that the proposed settlement is fair and adequate to the putative class members. Because the putative class members' recovery is limited to the lesser of 1% of the net worth of the debt collector or $500,000.00 under 15 U.S.C. § 1692k(a)(2)(B)(ii), the putative class members run the risk of nonrecovery. In view of the attendant risks and burdens of continued litigation, the total class recovery of

approximately $33.92 per class member appears, on preliminary review, to provide a fair, reasonable and adequate result for class members and is within the range of reasonableness. The class members and other consumers also benefit from the change on the defendants' business practices.

Accordingly, the court finds the proposed partial settlement should be submitted to class members for their consideration and a fairness hearing under Fed. R. Civ. P. 23(e), after which an order of final approval will issue. Accordingly,

IT IS ORDERED:

1. The parties' joint motion for preliminary approval of class action settlement (Filing No. 154) is granted.

2. An order in conformity with this Memorandum and Order and in substantial conformity with the parties' proposed Order Preliminarily Approving Class Action Settlement (Filing No. 154-2, Ex. C) will issue this date.

Dated this 4th day of November, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge