IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| LEE A. JENKINS, on behalf of himself and all others similarly situated; | |
|---|---|
| Plaintiff, | 8:14CV41 |
| v. | ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT |
| CHRISTOPHER E. PECH, AND PECH, HUGHES, & MCDONALD, P.C., d/b/a Litow & Pech, P.C., A Fictitious Name; | |
| Defendants. | |

The court is advised that the parties to this action, through their respective counsel, have agreed, subject to court approval and following notice to the purported class members and a hearing, to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (the "Agreement"), Filing No. 154-2, Ex. 1A. The court incorporates the definitions set forth in the Agreement (with capitalized terms as set forth in the Agreement). In accordance with the findings set forth in the Memorandum and Order filed concurrently this date,

IT IS ORDERED:

1. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, counsel for Defendants shall serve written notice of the proposed class settlement on the United States Attorney General, the Attorney Generals for the State of Nebraska and the State of Illinois within fourteen (14) days after entry of this Order.

2. This action will be maintained as a class action on behalf of the following class of plaintiffs (hereinafter, "Jenkins Class Members"):

(a) All persons residing in Nebraska (b) to whom Defendants Christopher E. Pech and/or Pech, Hughes & McDonald, P.C. sent, or caused to be sent, a letter in the form of Exhibit A (attached to the First Amended Complaint), (c) in an attempt to collect a purported obligation which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes.

Excluded from the class is:

    a. Any person who is already subject to an existing release;

    b. Any person who is deceased;

    c. Any person who has filed for bankruptcy protection under Title 11 of the United States Code; and

    d. Any Class Member who timely mails a request for exclusion.

The Class Period runs from February 6, 2013 through June 12, 2015.

3. Plaintiff Lee A. Jenkins is designated as class representative and William L. Reinbrecht and Pamela A. Car of the law firm Car & Reinbrecht, P.C., L.L.O., and attorney O. Randolph Bragg of the law firm Horwitz, Horwitz & Associates, LTD, are designated as counsel for the class.

4. For settlement purposes only, the court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23.

5. The parties proposed Class Action Settlement Agreement, Filing No. 154-2, Ex. 1A (Filing No. 154-2 at ECF pp. 7-21) is preliminarily approved and is incorporated herein as if fully set forth.

6. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair,

reasonable, adequate, and in the best interest of the Jenkins Class Members, especially in light of the benefits to the class members; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

7. The form and substance of the Notice of Class Action Settlement, [Filing No. 154-2](), Ex. B ([Filing No. 154-2 at ECH pp. 23-29]()) is approved.

8. In accordance with the Agreement, Defendants, through the Settlement Administrator, shall cause the completed notices to be mailed to the Jenkins Class Members by first class mail as expeditiously as possible, but in no event later than 14 calendar days after the entry of this order. The Settlement Administrator shall confirm and, as necessary, update the addresses for the Jenkins Class Members through the standard methodology that the Settlement Administrator currently uses to update addresses which shall include use of the National Change of Address (NCOA) system.

9. Any Jenkins Class Member who desires to be excluded from the class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than sixty-five days after the Court's entry of this order. To be effective, the written request for exclusion must state: the name and case number of this case, the Jenkins Class Member's full name, address, and telephone number; and that the Jenkins Class Member wishes to be excluded. The Settlement Administrator shall provide a list of the names of each Jenkins Class Member who submitted a timely exclusion to counsel for Defendants and Class Counsel within 10 business days after

the deadline passes. A copy of this list will be filed with the Court, along with the Parties' Motion for Final Approval of Class Action Settlement. Any Jenkins Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

10. Any Jenkins Class Member may enter an appearance through an attorney if the member so desires.

11. Any Jenkins Class Member who intends to object to the fairness of this settlement must file a written objection with the Court, at the office of the Clerk of the United States District Court for the District of Nebraska, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, Nebraska, 68102, within sixty-five days from the Court's entry of this order. Further, any such Jenkins Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Jenkins Settlement, 0. Randolph Bragg, Horwitz, Horwitz & Associates, Ltd., 25 East Washington Street, Suite 900, Chicago, Illinois 60602, and counsel for Defendants, Attention: Jenkins Settlement, Tomio B. Narita, Simmonds and Narita LLP, 44 Montgomery Street, Suite 3010, San Francisco, California 94104.

To be considered, the written objection must state: his or her full name, address, and telephone number; the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Any Jenkins Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise. Any Jenkins Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

4

12.     The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on February 19, 2016, at the Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, 68102, Court Room 3, commencing at 1:00 p.m. to review and rule upon the following issues:

- A.   Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;
- B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Jenkins Class Members and should be approved by the Court;
- C.   Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and
- D.   To discuss and review other issues as the Court deems appropriate.

13.     Attendance at the Fairness Hearing is not necessary.  Jenkins Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Jenkins Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing.  The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Jenkins Class Members.

14.     Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, by Class Counsel, shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

15.     The Agreement and this Order shall be null and void if any of the following occur:

A. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

B. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

C. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

16. If the Agreement and/or this order are voided per Paragraph 15 of this order, then the Agreement shall be of no force and effect and the rights and defenses of Plaintiff and Defendants shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

17. Plaintiff shall file his petition for an award of attorney's fees, costs, and expenses within thirty (30) days of entry of the Final Order unless otherwise ordered.

18. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

Dated this 4th day of November, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge