IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEE A. JENKINS, on behalf of himself and all others similarly situated;<br><br>        Plaintiff,<br><br>    vs.<br><br>CHRISTOPHER E. PECH, AND PECH,HUGHES, & MCDONALD, P.C., d/b/a Litow & Pech, P.C., A Fictitious Name;<br><br>        Defendants. | 8:14CV41<br><br>FINAL ORDER APPROVING CLASS ACTION SETTLEMENT |

This matter is before the court on the parties' joint motion for final approval of class action settlement, Filing No. 157. This is an action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq. ("NCPA").

On February 6, 2014, plaintiff Lee A. Jenkins filed the above-captioned class action against defendants Christopher E. Pech and Pech, Hughes & McDonald, P.C. Filing No. 6, Amended Complaint. Defendants deny any and all liability alleged in the action. Filing No. 11, Answer.

The case has been certified as a class action. Filing No. 135, Memorandum and Order; Filing No. 155, Memorandum and Order at 2. On August 18, 2015, during a settlement conference presided over by the Honorable Thomas D. Thalken, the parties reached a settlement agreement as a result of intensive, non-collusive, arms-length negotiations. *See* Filing No. 154-2, Index of Evid., Ex. A, Declaration of Tomio B. Narita ("Narita Decl."), Ex. A1, Class Action Settlement Agreement (the "Agreement"). In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109- 2, 119 Stat. 4,

on November 4, 2015, the defendants served written notice of the proposed class settlement on the appropriate federal and state officials.  [Filing No. 157-2](), Index of Evid., Ex. B, Affidavit of Tomio B. Narita.  On November 4, 2015, this court preliminarily approved the parties' proposed settlement.  [Filing No. 156](), Order of Preliminary Approval.

The parties have shown that the settlement administrator, First Class, Inc., has distributed notice of the parties' proposed class settlement, as ordered.  [Filing No. 157-2]() Index of Evid., Ex. A, Affidavit of Bailey Hughes at 2.  Of the 543 notices originally mailed by First Class, Inc., eighty notices were returned as undeliverable by the post office with no forwarding address or further information provided by the U.S. Postal Service.  *Id.* at 2.  Forwarding addresses were provided for five returned notices, and First Class, Inc. re-mailed the five notices that were returned with a forwarding address to the new address provided by the post office.  *Id.*  The parties have shown that there have been no objections or requests for exclusion.  *Id.*

On February 19, 2016, this court held a Fairness Hearing on the parties' proposed settlement.  Attorneys Pamela A. Car and William L. Reinbrecht appeared on behalf of plaintiff Jenkins and the class. Attorney Tomio Narita participated telephonically on behalf of defendants.  No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object.

Having considered the Agreement, Final Approval Motion, and record, this court enters final approval of the parties' proposed class action settlement.  For the reasons stated in its Memorandum and Order on the parties' motion for preliminary approval, the court finds the action satisfies the applicable prerequisites for class action treatment

under Fed. R. Civ. P. 23, the Agreement is fair, reasonable and adequate and in the best interests of class members, and the notice satisfies due process. *See* Filing No. 155, Memorandum and Order at 3-7. Accordingly, the court finds the parties' Agreement should be approved.

IT IS ORDERED:

1. The parties' joint motion for final approval of class action settlement (Filing No. 157) is granted.

2. This court certifies the following settlement class:

(a) All persons residing in Nebraska (b) to whom Defendants Christopher E. Pech and/or Pech, Hughes & McDonald, P.C. sent, or caused to be sent, a letter in the form of Exhibit A (attached to the First Amended Complaint), (c) in an attempt to collect a purported obligation which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes.

Excluded from the class are:

a) Any person who is already subject to an existing release;
b) Any person who is deceased;
c) Any person who has filed for bankruptcy protection under Title 11 of the United States Code; and
d) Any Class Member who timely mailed a request for exclusion.

3. The court certifies plaintiff Lee A. Jenkins as the Class Representative and O. Randolph Bragg, Pamela A. Car, and William L. Reinbrecht as Class Counsel for the Class Members.

4. The parties' Class Action Settlement Agreement (Filing No. 154-2, Ex. A1) is approved and is incorporated herein by reference.

5. This order is binding on all class members.

6.  Pursuant to the Settlement Agreement, the plaintiff's class claims against the defendants are dismissed.

7.  This court retains jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

Dated this 22nd day of February, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge