IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEE A. JENKINS, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER E. PECH, AND PECH,HUGHES, & MCDONALD, P.C., d/b/a Litow & Pech, P.C., A Fictitious Name;<br><br>Defendants. | 8:14CV41<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's unopposed motion for attorneys' fees and costs, and for an award of statutory damages and a class representative fee to the plaintiff. Filing No. 158. Plaintiff seeks $173,000.00 in attorney fees, $3,273.00 in costs, and an award of statutory damages of $2000.00 and an incentive fee of $2,500.00.

The record shows plaintiff Lee A. Jenkins, as class representative, entered into a settlement agreement with defendants Christopher E. Pech and Pech, Hughes & McDonald, P.C. to resolve this litigation. See Filing No. 154-2, Ex. A1, Class Action Settlement Agreement ("the Agreement"). The Agreement includes payment of damages and an incentive award to the class representative and costs and attorneys' fees. *Id.* at 7, 9. The parties have agreed on the amount of plaintiff's attorneys' fees and costs. *Id.* Defendants also agree to the statutory damages and incentive payment to the plaintiff. *Id.* at 9.

The FDCPA requires the payment of costs and reasonable attorney fees to a successful consumer. 15 U.S.C. § 1692k(a)(3) (stating that a successful plaintiff in an

action to enforce the FDCPA may recover "costs of the action, together with a reasonable attorney's fee as determined by the court."). The statute contemplates "an award of costs and 'a reasonable attorney's fee as determined by the court' in the case of 'any successful action to enforce the foregoing liability.'" *Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA*, 559 U.S. 573, 598 (2010) (quoting 15 U.S.C. § 1692k(a)(3)); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) ("the fee award under § 1692k is mandatory in all but the most unusual circumstances.")

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorneys' reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnston*, 83 F.3d at 244-45. The plaintiff seeks fees under the lodestar methodology. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (stating that the starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). District courts may rely on their own experience and knowledge of prevailing market rates. *Hanig*, 415 F.3d at 825. In determining a reasonable attorney fee, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), though it need not exhaustively address every factor. *Emery*, 272 F.3d at 1048.

In addition to attorney fees, expenses and costs necessarily incurred in prosecution of a case may be recovered from defendants as part of the attorney fee award to the extent the expenses constitute out-of-pocket expenses normally incurred by attorneys and charged to fee-paying clients. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (8th Cir. 2003). Also, paralegal fees are recoverable as attorney fees at their prevailing market rates. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000.00 in statutory damages per plaintiff for any violation of the FDCPA. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("[a]ll that is required for an award of statutory damages is proof that the statute was violated . . . ."). The specific amount of statutory damages, not to exceed $1,000.00, falls within the court's discretion. *Id.* Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's resources; the number of individuals adversely affected; and the

extent to which the debt collector's non-compliance was intentional.  *See* 15 U.S.C. § 1692k(b)(2).

The record shows that notice of the attorney fee agreement has been provided to the class. Filing No. 157-2 Index of Evid., Ex. A, Affidavit of Affidavit of Bailey Hughes at 2. No class member has requested exclusion from the class, objected to the settlement, or objected to the fee award. *See id.* The court finds that the proposed notice was clearly designed to advise the class members of their rights. The class members were given a fair and reasonable opportunity to appear at the Fairness Hearing and to object to the settlement. No Class Member appeared at the hearing or otherwise objected to the settlement.

The Agreement provides that "[d]efendants agree not to oppose Class counsel's costs, expenses, and attorneys' fees request in an amount not to exceed $176,273.00, and Defendants will pay an award up to that amount if authorized by the Court." Filing No. 154-2, Class Action Settlement Agreement at 7. They also agree to pay plaintiff the reasonable attorney fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C. 1692k. *Id.* at 9.

In support of its unopposed motion for attorney fees, the plaintiff has shown that plaintiff's attorneys, O. Randolph Bragg, Pamela A. Car, and William L. Reinbrecht, and a paralegal have expended a total of over 605 hours at rates of $125 to $350 per hour, resulting in lodestar amount of $188,118.50. Filing Nos. 160-1 and 160-2, Index of Evid., Exs. 1 and 1A, Declaration of O. Randolph Bragg and time records; Filing No. 160-3 and 160-4; Exs. 2 and 2A, Declaration of Pamela Car and time records; Filing No. 160-5 and 160-6, Exs. 3 and 3A, Declaration of William Reinbrecht and time records.

4

The plaintiff has shown he incurred costs in the amount of $3,363.05. [Filing No. 160-4](), Ex. 2A, Reinbrecht time records at 17. In addition, the class representative has shown that he has satisfied his responsibilities to the entire class by making himself available when needed, providing information to his attorneys and ensuring that the settlement of is this case is fair and reasonable. [Filing No. 160-7](), Ex. 4, Declaration of Lee Jenkins.

The court finds the attorney fees and costs requested and agreed to in the settlement are fair and reasonable. The court is familiar with attorney rates in this community and with the competence and expertise of the attorneys representing the class. The court finds rates of $300 to $350 per hour for attorneys and $125 per hour for a paralegal are reasonable in this community for professionals with the experience and expertise of the plaintiff's counsel. Furthermore, the number of hours expended is reasonable in view of the protracted nature of the litigation and the complexity of issues. The requested fees are close to ten percent lower than the lodestar amount, which itself is reasonable. The plaintiff has demonstrated that counsels' services have benefitted the class, in that, in addition to monetary damages, the defendants have agreed to certain changes in their debt collection practices.

Also, the court has reviewed the plaintiff's costs submission and finds that the costs incurred are fair and reasonable and were necessary to prosecute the claim on behalf of the class. The court finds that the plaintiff's motion for reimbursement of costs should also be granted. The parties agreed to award the named plaintiff and class representative statutory damages of $1,000.00 under the FDCPA, and damages of $1,000.00 under the NCPA, as well as an the incentive award of $2500.00, for a total of $4500.00. [Filing No. 154-2](), Ex. 1A, Class Action Settlement Agreement at 12. That

amount is in line with damages and incentive awards in other cases and is reasonable under the circumstances. Accordingly, the court finds the plaintiff's unopposed motion for attorney fees, costs, statutory damages and an incentive award should be granted.

IT IS ORDERED:

1. The plaintiff's unopposed motion for attorney fees, costs, statutory damages and an incentive award ([Filing No. 158](#)) is granted.

2. A judgment in favor of the plaintiff and against defendants in the amount of $2,000.00 as statutory damages, $2,500.00 for service as class representative, and $176,273.00 for attorney fees and costs will be entered this date.

Dated this 22nd day of February, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge